## UNITED STATES v. INSURANSHARES CORPORATION OF DELAWARE.

### No. 8.

District Court, D. Delaware.

Aug. 9, 1939.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., James W. Morris, Asst. Atty. Gen., A. D. Sharpe, and George H. Zeutzius, Sp. Assts. to Atty. Gen., for plaintiff.

Ivan Culbertson, of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a suit to enforce collection of unassessed documentary stamp taxes due under section 800, schedule A-3, Title VIII of the Revenue Act of 1926, 44 Stat. 99, 101, as amended by section 723(a) of the Revenue Act of 1932, 26 U.S.C.A. § 900 note. The essential facts are stipulated.

Between August 19, 1932 and June 24, 1933 defendant purchased for its own account shares of stock in certain corporations and investment trusts. Defendant did not take said shares of stock in its own name but directed the corporations and investment trusts to issue all of said shares and certificates in the name of defendant's nominee, George Coombs & Company, a copartnership, for the convenience of defendant. The consideration agreed to be paid for all of said shares was paid in each instance by defendant. Pursuant to defendant's directions the corporations and investment trusts issued all of the shares and certificates to and in the name of defendant's nominee. A transfer taxed under schedule A-3 was paid by the said corporations and investment trusts. This tax is not in dispute.

No documentary stamp transfer taxes have been paid by defendant or by its nominee or by any other person upon the transfer by defendant to its nominee of the right to receive said shares.

The question presented to the court is whether the defendant had the right to receive the shares and certificates in its own name, and, if so, whether it transferred that right to receive such shares and certificates or the legal title thereto to its nominee. Briefly stated, the question is whether such transfer to the nominee is taxable.

The court finds, upon the authority of Founders General Corporation v. Hoey, 2 Cir., 84 F.2d 976, affirmed 300 U.S. 268, 57 S.Ct. 457, 81 L.Ed. 639, that said transfer is taxable.

Accordingly, judgment will be entered for the United States in the sum of eight hundred thirty three dollars and forty cents ($833.40) with interest, as stipulated.